```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/4/2024
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

            - against -

LYDELL YANCEY,

                    Defendant.

**24 CR 344 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

    Now before the Court is defendant Lydell Yancey's motion requesting the Court set a sentencing date no later than June 28, 2024, and sentence him without waiting for a presentence report ("PSR"). ("Motion," Dkt. No. 16.) Yancey requests, in the alternative, that he be released on pretrial supervision. The Government opposes the Motion. (Dkt. No. 17.) For the reasons stated below, the Motion is **DENIED** in full.

    In a proceeding before Magistrate Judge Wang on May 30, 2024, Yancey waived indictment and pleaded guilty, pursuant to a written plea agreement, to a one-count Information charging him with conspiracy to commit possession of a stolen postal key, mail theft, and possession of stolen mail, in violation of 18 U.S.C. § 371. Under that plea agreement, Yancy faces a Guidelines sentence of 2 to 8 months, and he has been in custody since being remanded on April 29, 2024. Magistrate

Judge Wang set a sentencing control date of July 15, 2024, and directed that a PSR be prepared on an expedited basis.

Pursuant to Federal Rule of Criminal Procedure 32(c), a PSR is required before sentencing unless "the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its findings on the record." Fed. R. Crim. P. 32(c)(1)(A)(ii). Yancey argues that an expedited sentencing without a PSR is warranted because a sentencing date later than June 28, 2024, would result in him spending more time in prison than the bottom of the 2-8 month Guidelines range. Nevertheless, the Court finds that a PSR would be beneficial to the Court and to the parties in evaluating the § 3553 factors and assessing the scope of Yancey's criminal history and life circumstances. Moreover, Probation has confirmed that the expedited PSR will be completed by July 8, 2024. Accordingly, the Court **DENIES** Yancey's request to be sentenced without waiting for a PSR and sets his sentencing for July 12, 2024, at 4:00 p.m.

Yancey requests, in the alternative, that he be released on pretrial supervision with a condition that he enter an inpatient drug treatment program. Under 18 U.S.C. § 314(a)(1), a defendant shall be detained unless the Court "finds by clear and convincing evidence that the defendant is

not likely to flee or pose a danger to the safety of another person or the community if released." The Court finds that Yancey's continued detention is appropriate in this case because he is a proven flight risk. Accordingly, Yancey's request to be released on pretrial supervision is **DENIED**.

    The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 16.

**SO ORDERED.**

Dated:    4 June 2024
             New York, New York

                                                  Victor Marrero
                                                    U.S.D.J.